**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE TASHIRO-TOWNLEY;<br>SCOTT C. TOWNLEY,<br><br>       Plaintiffs - Appellants,<br><br>  v.<br><br>BANK OF NEW YORK MELLON, as<br>Trustee for the Certificateholders CWL,<br>Inc. Asset Backed Certificates, Series<br>2005-10, FKA Bank of New York; et al.,<br><br>      Defendants - Appellees. | No. 11-35819<br><br>D.C. No. 2:10-cv-01720-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

     Stephanie Tashiro-Townley and Scott C. Townley appeal pro se from the

district court's judgment dismissing their action challenging the foreclosure sale of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their residence.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm in part, vacate in part, and remand.

The district court properly dismissed plaintiffs' post-sale claims for injunctive and declaratory relief because plaintiffs waived those claims by failing to bring an action to enjoin the foreclosure sale.  *See Plein v. Lackey*, 67 P.3d 1061, 1067 (Wash. 2003) ("[W]aiver of any postsale contest occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale.").

However, Washington law provides an exception to the waiver doctrine for claims for damages alleging violations of the Washington Consumer Protection Act ("CPA").  *See* Wash. Rev. Code § 61.24.127(1)(b).  After the district court dismissed plaintiffs' CPA claim, the Washington Supreme Court decided *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34, 51 (Wash. 2012), which held that a plaintiff may meet the public interest element of a CPA claim by alleging that Mortgage Electronic Registration System Inc. was unfairly or deceptively characterized as the beneficiary of a deed of trust.  *See id.* at 49 (elements of a CPA claim).  Because the district court did not have the benefit of *Bain* when it issued

its order of dismissal, we remand to allow the court to reconsider plaintiffs' CPA claim.

Defendants' request to strike portions of plaintiffs' excerpts of record, set forth in their answering brief, is denied. Defendants' request to strike plaintiffs' citations of supplemental authority, filed on November 8, 2013, is denied.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**